```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
NATIONAL IAM BENEFIT TRUST     )
  FUND,                        )
                               )
           and                 )
                               )
WARREN MART and                )
ALFRED C. NELSON,              )
Co-chairmen of the Board of    )
Trustees of the National IAM   )
Benefit Trust Fund,            )
                               )
1300 Connecticut Avenue, NW    )
Suite 300                      )
Washington, DC  20036          )
(202) 785-2658                 )
                               )
           Plaintiffs,         )
                               )
     v.                        )   Case No.
                               )
ACCURATE MANUFACTURING CO.     )
12550 Lombard Lane             )
Alsip, Illinois 60803          )
(708) 293-2450                 )
                               )
           Defendant.          )
_____)
```

## COMPLAINT

(An action for legal relief to enforce 29 U.S.C. §1145)

    1.   Plaintiff National IAM Benefit Trust Fund, (hereafter "the Plan") is a collectively bargained labor-management employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1) created by Agreement and Declaration of Trust originally entered into on August 23, 1973, pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

- 2 -

2. The Plan is a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37(A).

3. Warren Mart and Alfred C. Nelson are the Co-Chairmen of the Plan's Board of Trustees and are named fiduciaries within the meaning of 29 U.S.C. §1102(a)(2).

4. This Court has jurisdiction of this action under the provisions of 29 U.S.C. §1132(e)(1).

5. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

6. The defendant Accurate Manufacturing Co. is a for-profit business organization authorized to do business in the State of Illinois. Its principal office and place of business is located in Alsip, Illinois.

7. On or about August 1, 2001, defendant entered into a collective bargaining agreement with District Lodge No. 8 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union"). Among other things, that collective bargaining agreement obligated defendant to commence making regular contributions to the plan on behalf of those of its employees in the bargaining unit represented by the Union, and to continue those contributions during the term of the agreement.

8. On or about August 1, 2001, representatives of the Defendant and the Union entered into the Standard Contract

- 3 -

Language required by the Plan, Defendant thereby agreed to commence and continue making payments to the Plan at the rate and on the basis required therein and adopted and agreed to be bound by the provisions of the Trust Agreement, dated August 23, 1973, and all amendments thereto, and adopted and agreed to be bound by the Plan rules as amended from time to time.

9. By entering into the Agreements described in paragraphs 7 and 8, Defendant and the Union met the requirements for participation in the Plan, and upon acceptance by the Trustees, Defendant became a "contributing Employer" and the Union became a "participating lodge" in the health and welfare plan maintained by the Plan. By virtue of these agreements and the August 1, 2003 renewal of the collective bargaining agreement, Defendant was obligated to file monthly reports with the Plan, showing the amount of time for which each employee in the Union's bargaining unit received pay in accordance with the collective bargaining agreement during the month.  Defendant was obligated to pay to the Plan each month the contribution required by the collective bargaining agreement on those reports.

10. Article VI, Section 6 of the Plan Trust Agreement <u>as amended</u>, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> It is recognized and acknowledged by all parties, including the Employers, that the prompt and accurate payment of Contributions is essential to the

- 4 -

>maintenance of an employee benefit trust fund and the
>benefit plans and that it would be extremely difficult,
>if not impossible, to fix the actual expense and damage
>to the Trust Fund that would result from the failure of
>a participating Employer to pay the required
>Contributions within the time period provided.
>Therefore, if any Employer shall be delinquent in the
>payment of Contributions such Employer shall be liable,
>in addition, for liquidated damages of twenty percent
>(20%) of the amount of the Contributions which are
>owed. In addition, the delinquent Contributions shall
>bear interest at the rate of eighteen percent (18%) pre
>annum from the due date until they are paid.

11. Notwithstanding its obligations to make accurate and timely reports and contributions to the Plan, defendant has failed and refused since at least January 15, 2005 to make required reports and payments in an accurate and timely manner, to wit: The Fund has not received $2,459.04, the balance of the payment due for the month of January, 2005. The Fund also has not received the remittance reports or payments for the months of February, 2005 through and including August, 2005, in the amount of $62,171.95. In addition liquidated damages of $12,434.40 and interest of $9,689.45 have accrued on these contributions. As a result of defendant's continuing refusal accurately and timely to fulfill those obligations, defendant owes the Plan $86,754.84 in delinquent contributions and liquidated damages and interest as of the date of this complaint.

12. 29 U.S.C. §1145, provides:

>Every employer who is obligated to make contributions

- 5 -

    to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

13. 29 U.S.C. § 1132(g)(2) provides:

    In any action under this title by a fiduciary or on behalf of a plan to enforce Section 1145 in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A)  the unpaid contributions,
    (B)  interest on the unpaid contributions,
    (C)  an amount equal to the greater of
        (i)  interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
    (D)  reasonable attorney's fee and costs of the action, to be paid by the defendant, and
    (E)  such other legal or equitable relief as the court deems appropriate.

14. The Plan has attempted to secure defendant's voluntary compliance with its obligation to make contributions to the Plan, but notwithstanding these efforts, defendant continues to fail and refuse to make such payments in an accurate and timely manner as it has agreed and as is required by statute to do.

WHEREFORE, Plaintiffs pray that the court enter an order requiring Defendant promptly to submit to the Plan all reports and contributions now due and owing by Defendant to the Plan but not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid

- 6 -

contributions, or liquidated damages provided for under the Plan. Plaintiffs further pray that the Court award reasonable attorneys' fees and costs as incurred in this action and such other or further relief as the interests of justice may require.

    Respectfully submitted,

Dated: April 3, 2006

/s/
Joseph P. Martocci, Jr., #955716
1300 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
(202) 785-2658
jmartocci@iamnpf.org

/s/
Robert T. Osgood, #247973
1300 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
(202) 785-2658
rosgood@iamnpf.org

Attorneys for Plaintiffs